Opinion issued October 7, 2004







     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01245-CR




JULIAN JAVIER NELSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause No. 932856




MEMORANDUM OPINION

          After a jury found appellant, Julian Javier Nelson, guilty of the offense of
aggravated robbery, the trial court found true the enhancement paragraph, which
alleged a prior conviction for possession with intent to deliver a controlled substance,
and assessed his punishment at 30 years’ confinement. In his sole point of error,
appellant contends that the trial court erred in denying his motion to suppress
evidence because it was the product of an illegal search and seizure. We affirm. 
Facts
          On December 7, 2002, Thuan Van arrived at work. He sat in his car in the
parking lot outside his employer’s business waiting for the business to open. While
Van was waiting, a man, later identified as appellant, drove up in a white Buick and
parked near Van’s car. The man got out of his car, approached Van, and asked him
for a cigarette, which Van gave him. Suddenly, the man drew a gun, placed it against
Van’s head, and demanded his money. The man took Van’s wallet and left; the wallet
contained cash, credit cards, and Van’s driver’s license.
          Two days later, Officer Dorris, who was on patrol, saw a white Buick illegally
parked in front of a fire hydrant, directly in front of a stop sign and blocking a moving
lane. Dorris pulled up next to the Buick and saw appellant in the car with a
passenger. Dorris got out of the patrol car to tell appellant to move his car. He made
eye contact with appellant from about five feet away, but appellant put the car into
gear. Dorris put his hands in the air, indicating that appellant should stop the car, and
shouted, “Stop,” but appellant drove away.
          Dorris activated his emergency patrol lights and followed the Buick. He could
see a lot of downward movement in the vehicle, which led him to believe that
something was underneath appellant’s driver’s seat. Appellant eventually stopped,
and Dorris approached the car. Immediately on reaching the vehicle, Dorris saw that
the passenger had marijuana in his hand in his lap. Appellant and his passenger
continued to make nervous movements in the car. In response to Dorris’ request for
identification, appellant stated that he did not have any. After performing a quick pat
down, Dorris arrested appellant, put him in the back seat of his patrol car, and
proceeded to recover the narcotics in the Buick and look in the area of the car where
he had seen appellant making movements. Dorris found a Cobra pistol with a large
clip with live rounds inside. After finding the weapon, Dorris searched appellant’s
pockets, finding an identification card and several credit cards belonging to Van. 
Van’s wallet was also recovered from the glove compartment of appellant’s car. Van
subsequently identified appellant in a lineup as the man who robbed him. 
          At a pretrial motion to suppress, appellant argued that the evidence should be
excluded as a result of an illegal arrest. Dorris testified that he observed appellant
sitting in his car, which was illegally parked. When he stopped appellant’s vehicle,
he saw the passenger holding onto marijuana. Once appellant was arrested, Dorris
searched the vehicle and recovered the wallet in the car’s glove compartment and a
handgun. Dorris testified that he also searched appellant’s pockets and found
identification and credit cards belonging to Van. Van also testified as to the events
of the robbery. However, he was unable to identify the handgun found in appellant’s
car as that used in the robbery. The trial court ruled that the wallet and cards found
in appellant’s pockets were admissible, but the handgun would not be admissible. 
Discussion
          In his sole point of error, appellant contends that the trial court erred in denying
his motion to suppress. In particular, appellant argues that Dorris had no probable
cause to initiate the stop, and, therefore, Dorris’s recovery of Van’s identification and
credit cards from appellant’s pocket was the fruit of an unlawful stop. 
          In reviewing a trial court’s ruling on a motion to suppress, we apply a
bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000). We give almost total deference to the trial court’s determination of
historical facts that depend on credibility, while we conduct a de novo review of the
trial court’s application of the law to those facts. Id. Thus, we review de novo the
trial court’s application of the law of search and seizure and probable cause. State v.
Ross, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); Wilson v. State, 98 S.W.3d 265,
271 (Tex. App.—Houston [1st Dist.] 2003, no pet.). We examine the evidence in the
light most favorable to the trial court’s ruling. State v. Ballard, 987 S.W.2d 889, 891
(Tex. Crim. App. 1999). 
          A violation of a traffic law provides sufficient authority for an officer to stop
a vehicle. See Armitage v. State, 637 S.W.2d 936, 939 (Tex. Crim. App. 1982). A
routine traffic stop is a temporary investigative detention. See Berkemer v. McCarty, 
468 U.S. 420, 439, 104 S. Ct. 3138, 3150 (1984). Moreover, an officer’s observation
of a traffic violation provides probable cause to arrest the driver. See Williams v.
State, 726 S.W.2d 99, 101 (Tex. Crim. App. 1986). 
          Here, the record establishes that appellant violated Texas Penal Code section
42.03(a)(1), which provides that a person commits an offense if he obstructs a street. 
Tex. Pen. Code Ann. § 42.03(a)(1) (Vernon 2003).


 Therefore, Dorris had
reasonable suspicion to stop appellant’s car and probable cause to arrest appellant,
its driver. See Josey v. State, 981 S.W.2d 831, 837 (Tex. App.—Houston [14th Dist.]
1998, pet. ref’d) (finding police officers had reasonable suspicion and probable cause
to arrest the driver when the police officer observed the driver commit a traffic
violation). Accordingly, we overrule appellant’s sole point of error.
Conclusion
          We affirm the judgment of the trial court. 
 
                                                             Evelyn V. Keyes
                                                             Justice
Panel consists of Chief Justice Radack and Justices Keyes and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).