**Harold Lee ARMITAGE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63546.**

Court of Criminal Appeals of Texas.

July 14, 1982.

Rehearing Denied Sept. 15, 1982.

Where motion for court reporter to take notes of jury voir dire was just one of six motions presented at hearing over two months before trial began, court granted motion, and, at trial, defendant by his silence gave tacit approval to court reporter's failure to take voir dire examination, trial court did not commit fundamental error by failing to require court reporter to take notes of jury voir dire.

Michael L. Morrow, Dallas, for appellant.

Henry Wade, Dist. Atty. & Gregory S. Long, Mary Ludwick & Mike Keasler, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, TOM G. DAVIS and W. C. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for burglary of a building. After finding appellant guilty the jury found that he had been convicted of two prior felonies. Punishment was assessed at life.

In his first ground of error, appellant complains that the trial court committed fundamental error by failing to require the court reporter to take notes of the jury voir dire.

The record reflects that appellant filed a pretrial motion requesting the court to "instruct the Court Reporter to record by any method of verbatim recordation all matters transpiring in open court ... including jury voir dire." The motion, one of six pretrial motions filed by appellant, was granted on January 15, 1979.

Appellant's trial commenced on March 26, 1979. The jury voir dire was not reported by the court reporter. The reporting of the proceedings began immediately after the jury was impaneled and sworn. The court excused the jury until the next afternoon. The following discussion was had between the court and appellant's attorney:

"THE COURT: The Court will recess until 11:00 in the morning.

"Any other loose ends that we need to take care of other than that—any other motions?

"MR. MORROW [defense counsel]: The only thing I can think of, Judge, is to see the real evidence."

Appellant points to our decisions in *Ex parte Jones*, 562 S.W.2d 469 (Tex.Cr.App.), and *Cartwright v. State*, 527 S.W.2d 535 (Tex.Cr.App.), holding that failure of the trial court to provide a court reporter when asked by the defendant is reversible error. Since the trial court was asked in a pretrial motion to instruct the court reporter to record the voir dire and the motion was granted, appellant contends that the trial court had a duty to make sure the reporter was present.

The primary difference between the facts in *Cartwright* and those here is that the request for a court reporter in *Cartwright* was denied. We held that when the trial court denies such a request, the provisions of Art. 40.09(4), V.A.C.C.P., become mandatory and a new trial must be granted. In the instant case, however, the request was granted. Trial was held almost two and one-half months later. There is nothing in the record by way of bill of exception or otherwise to indicate that appellant ever again brought up the matter of a court reporter taking the voir dire with the court.

In *Wells v. State*, 578 S.W.2d 118 (Tex.Cr. App.), we found that reversal was not required where the defendant filed a motion that the voir dire be taken by the court reporter when there was no showing that such motion was ever brought to the court's attention.

This Court has held, when the trial court has granted defendant's motion in limine requesting exclusion of evidence, error is generally not preserved without proper objection being made during trial. *Simpson v. State*, 507 S.W.2d 530 (Tex.Cr.App.); *Harrington v. State*, 547 S.W.2d 616 (Tex. Cr.App.); *Lopez v. State*, 535 S.W.2d 643 (Tex.Cr.App.); *Romo v. State*, 577 S.W.2d 251 (Tex.Cr.App.). In ruling on the admissibility of evidence it is often impossible for a trial court to be in a position to pass on the question presented until trial begins. See *Romo v. State*, supra. There is still another reason why objections must generally be made to the exclusion of evidence during trial. As in the instant case, pretrial motions are often heard well in advance of trial and it is not unusual for numerous motions to be presented at such hearings. As heretofore noted the motion for the court reporter to take the voir dire in the instant case was just one of six motions presented at a hearing over two months before trial began. At trial, appellant by his silence, gave tacit approval to the court reporter's failure to take the voir dire examination. To hold that the trial judge committed reversible error under such circumstances would place an unconscionable responsibility on the court in the conduct of the trial. We reject appellant's contention that the trial court committed fundamental error.

■ In his second ground of error appellant complains that the court committed reversible error by admitting as evidence of the second enhancement paragraph a prior conviction of appellant that was void on its face.

Appellant objected to the introduction of State's Exhibit No. 6, which purported to be certified copies of the judgment, suspension of sentence, order revoking probation, and sentence of appellant for a prior offense. Appellant asserts that the sentence is void on its face for ambiguity because it does not contain in the proper place the offense for which he was convicted or the number of years assessed.

The judgment introduced as part of Exhibit No. 6 reflects that appellant was convicted on June 19, 1970 of "theft of corporeal personal property of the value of $50.00 or over as charged in the indictment." He was punished by confinement in the Texas Department of Corrections for two years. The suspension of sentence recites that appellant was placed on probation for two years.

The order revoking probation reflects, inter alia, appellant's conviction on June 19, 1970, what the conviction was for, and the length of punishment. After noting the reasons for the revocation, the document continues, "It is therefore ordered . . . that the Order suspending the imposition of sentence, and placing the defendant on probation, heretofore entered in this said cause be . . . revoked, and it is hereby ordered by the Court that the defendant be now sentenced herein in accordance with the judgment heretofore entered in this cause . . . "

In *Ex parte Murchison*, 560 S.W.2d 654, 656 (Tex.Cr.App.), we held that a conviction is final for enhancement purposes where the imposition of sentence has been suspended, probation granted, and a revocation of the probation is alleged and proved by the State. Appellant's second ground of error is overruled.

In his third ground of error appellant complains that the court, "committed reversible error by admitting into evidence, evidence discovered as a result of an illegal search of appellant's vehicle."

Officer Willie Vawter of the Dallas Park Police Department was staking out a construction site at the Grover Keeton Golf Course on October 18, 1978 at approximately 4:00 a.m. There had been two burglaries at this construction site in the previous two or three days.

Vawter noticed a flat-bed truck with its lights turned off emerge from the construction site where "no trespass" signs were posted. Vawter followed the truck and noticed the lights go on when the truck turned onto a public road. As he neared the truck, Vawter saw that it had a defective tail light. Vawter stopped the truck.

As Vawter approached the truck he saw a canvas tarp with "holes in it and everything covering a pile of material." It looked "like construction material" and was "in plain view." Appellant met Vawter halfway between the two vehicles and, upon being asked for his driver's license, produced an expired one. Vawter also noticed an expired inspection sticker on the windshield.

Vawter arrested appellant for an expired inspection sticker, a defective tail light, an expired license and "investigation of burglary." After appellant's arrest, Vawter uncovered the tarp and found a power generator and other construction items which were later identified as having been taken from a locked storage building at the construction site.

■ Vawter was authorized to stop the vehicle for the defective tail light. See Art. 6701d, Secs. 118 and 153, V.A.C.S. It is well settled that a traffic violation committed in an officer's presence authorizes an initial stop. *Howard v. State*, 599 S.W.2d 597 (Tex.Cr.App.); *Dillard v. State*, 550 S.W.2d 45 (Tex.Cr.App.); *Borner v. State*, 521 S.W.2d 852; *Hampton v. State*, 511 S.W.2d 1 (Tex.Cr.App.); *Lewis v. State*, 502 S.W.2d 699 (Tex.Cr.App.).

■ Once Vawter made the initial stop, he noticed the construction materials through the holes in the tarp. This, together with Vawter's earlier observations (the vehicle leaving a "no trespass" area where burglaries had recently occurred at 4:00 a.m. with its lights turned off) gave him probable cause to believe stolen construction materials were located on the truck. The officer had the right to remove the tarp and conduct a search of the truck. *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419; *Howard v. State*, supra; *Grego v. State*, 456 S.W.2d 123 (Tex. Cr.App.); *Taylor v. State*, 421 S.W.2d 403 (Tex.Cr.App.). Appellant's third ground of error is overruled.

■ In his fourth ground of error, appellant contends that the trial court committed reversible error by admitting into evidence a list of stolen property that was hearsay.

State's Exhibit No. 3 purported to be a "List of Property Stolen and Property Recovered." The exhibit was a single sheet of paper with typing on it.

The record reveals that Vawter was asked on direct examination about the items he found on the truck. He named each and every item that was printed on the list and noted that he took them to the police property room. Joel Cisco, job superintendent at the construction site, remarked that the list looked like, "an accurate description of what was missing." Cisco took his truck to the police department and retrieved this equipment from the police property room. One of the items on the list, a power generator, was brought into the courtroom. Vawter identified it as one of the items he found on the truck and took to the police property room. Cisco identified it as one of the items missing from his company's construction shack. Two photographs of the generator were admitted into evidence. Appellant made no objections of any kind to any of the above evidence. Later, when the State tried to introduce the list into evidence, appellant objected on hearsay grounds and was overruled.

In *Chambers v. State*, 568 S.W.2d 313, 326 (Tex.Cr.App.), we stated that, "The improp-

**940**

er admission of evidence does not constitute reversible error if the same facts were shown by facts to which no objection was addressed." See also *Cain v. State*, 549 S.W.2d 707 (Tex.Cr.App.). Appellant's fourth ground of error is overruled.

█ In his fifth ground of error, appellant complains of improper jury argument by the State. During the argument on guilt or innocence the prosecutor said:

"There is no trick to circumstantial evidence. There is no law that circumstantial evidence is not good enough to convict someone. Nobody saw Lee Harvey Oswald pull the trigger but would you be able to say that we can't bring him in a court of law and try him for assassination because no one saw him pull the trigger ...?"

Appellant's timely objection was sustained and the jury was instructed to disregard the statement. Appellant's motion for mistrial was overruled. Any error in these remarks was rendered harmless by the instruction. *Wyatt v. State*, 566 S.W.2d 597 (Tex.Cr.App.).

Appellant's pro se briefs have been reviewed and contentions advanced therein are found to be without merit.

The judgment is affirmed.