TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00815-CR






The State of Texas, Appellant



v.



Thomas Jarod Nash, Appellee







FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 20,041-CR, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING







 After being stopped for a window tint violation, Thomas Jarod Nash was indicted
for possession of a controlled substance. See Tex. Health & Safety Code Ann. § 481.115(c)
(West Supp. 2000). Nash filed a motion to suppress the evidence obtained after the search of his
vehicle following the stop. The trial court granted the motion to suppress and the State appeals. 
See Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp. 2000). We reverse.


Factual Background


 On August 20, 1999, at approximately 10:30 p.m., Department of Public Safety
Troopers Morgan and Del Bosque stopped Nash because they believed his car window tint was
too dark. See Tex. Transp. Code Ann. § 547.613(a)(2) (West 1999). The troopers confirmed
the window tint violated section 547.613 by testing the windows with a tint meter. In addition,
they discovered that Nash was driving without a license and that his vehicle inspection sticker had
expired. Trooper Morgan recognized Nash's passenger, Omar Clark, whom he had previously
arrested for possession of a controlled substance. After a warrants check, the troopers learned
that Clark had outstanding warrants for his arrest in Dallas County.

 Almost immediately after the stop, Nash exited the vehicle and was patted down
by Trooper Morgan. (1) Trooper Morgan asked if there were drugs in the car and asked for consent
to search the vehicle. Trooper Morgan testified that Nash consented to the search. Nash testified
that he did not remember if he consented. Upon searching Nash's vehicle, the troopers found
cocaine under the back seat and arrested Nash for possession. Nash moved for suppression of the
evidence obtained from the search. The trial court granted the motion, dismissed the case and
discharged Nash. The State did not request written findings of fact and conclusions of law. On
appeal, the State argues only that the search was valid based on consent.


Discussion


Standard of Review

 In reviewing a ruling on a motion to suppress, we are required to give almost total
deference to a trial court's determination of historical facts. Carmouche v. State, 10 S.W.3d 323,
327 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We
then review de novo the application of the law to the facts. Carmouche, 10 S.W.3d at 327.


Stop of Nash's Vehicle

 Without findings of fact, we must assume that the trial court made implied findings
supported in the record that buttress its conclusion. Id. at 328. Here the trial court could have
granted Nash's motion to suppress because it found the initial stop of Nash was not warranted or
because it found the search was in violation of Nash's Fourth Amendment rights. We begin with
an analysis of the stop.

 Both Trooper Morgan and Trooper Bosque testified that they observed Nash's car
from across an intersection and suspected the tint was too dark. To confirm their suspicions, they
pulled beside Nash's car and shined a light into the windows. An officer may lawfully stop and
detain a vehicle when the officer has probable cause to believe a traffic violation has occurred. 
Whren v. United States, 517 U.S. 806, 810 (1996); see United States v. Shabazz, 993 F.2d 431,
434-35 (5th Cir. 1993); see also Garcia v. State, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992)
(as long as an actual violation occurs, police are free to enforce laws and detain a person for that
violation, regardless of usual practices or subjective reasons). Failure of window tint to meet
certain light transmission and luminous reflectance is a misdemeanor for which a violator may be
arrested without a warrant. See Tex. Transp. Code Ann. §§ 547.613(a), 543.001 (West 1999). 
It is well settled that a traffic violation committed in an officer's presence authorizes an initial
stop. Armitage v. State, 637 S.W.2d 936, 939 (Tex. Crim. App. 1982); see also United States
v. Castillo, 76 F.3d 1114, 1117 (10th Cir. 1996) (officer stopped driver for window tint violation
and subsequent consent search revealed controlled substance). Accordingly, we conclude that the
initial stop of Nash was lawful. We must now determine whether the troopers' warrantless search
violated Nash's Fourth Amendment rights.


Search of Nash's Vehicle

 The State argues only that the search was valid based on Nash's consent to search. 
Our review then is limited to determining if the State's search of Nash's vehicle was a
permissible, consensual search. See State v. Aguirre, 5 S.W.3d. 911, 913-14 (Tex. App.--Houston
[14th Dist.] 1999, no pet.).

 Consent to search is one of the well-established exceptions to the constitutional
requirements of both a warrant and probable cause. Carmouche, 10 S.W.3d at 331 (citing
Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973)). Consent to search satisfies the Fourth
Amendment if the consent is voluntary. Carmouche, 10 S.W.3d at 331 (citing Ohio v. Robinette,
519 U.S. 33, 40 (1996)). The consent must not be coerced, by explicit or implicit means, by
implied threat or covert force. Carmouche, 10 S.W.3d at 331 (citing Schneckloth, 412 U.S. at
228)). The consent must be positive and unequivocal. Allridge v. State, 850 S.W.2d 471, 493
(Tex. Crim. App. 1991). Consent is not established by "showing no more than acquiescence to
a claim of lawful authority." Carmouche, 10 S.W.3d at 331 (citing Bumper v. North Carolina,
391 U.S. 543, 548-49 (1968)). The State must show by clear and convincing evidence that the
consent was freely given. Carmouche, 10 S.W.3d at 331. Whether consent is voluntary is a
question of fact to be determined from the totality of the circumstances. Schneckloth, 412 U.S.
at 227.

 According to Nash's testimony, he was uncertain whether he gave consent for the
search. Trooper Morgan testified that Nash consented to the search. The trial court impliedly
found that Nash did not give consent. The trial court is the sole judge of the testimony and
demeanor of the witnesses and determines the weight to be given their testimony. Villarreal v.
State, 935 S.W.2d 134,138 (Tex. Crim. App. 1996). However, with a videotape of the stop, the
evidence does not turn on an evaluation of credibility and demeanor. Carmouche, 10 S.W.3d at
332. The videotape shows that once Trooper Morgan stopped Nash, Nash stepped out of the car
and Morgan frisked him. Trooper Morgan then asked Nash if he could search the car. Nash
responded: "Yes, sir." The videotape presents indisputable visual evidence supporting Trooper
Morgan's testimony and contradicting Nash's equivocal testimony. We cannot "blind ourselves
to the videotape evidence" simply because Nash's testimony may, by itself, be read to support the
trial court's ruling. See Carmouche, 10 S.W.3d at 332.

 Trooper Morgan's request to search the vehicle came within the first few minutes
of the stop. The troopers showed no display of force and did not coerce Nash into complying
with the request. Nash responded immediately, positively and unequivocally to the request. See
Allridge, 850 S.W.2d at 493. Viewing the totality of the circumstances, we conclude that the
State satisfied its burden of showing by clear and convincing evidence that Nash voluntarily
consented to the search of his vehicle.


Conclusion


 We conclude that the initial stop of Nash's vehicle was based on reasonable
suspicion and was a valid stop. The subsequent search of Nash's vehicle was a permissible search
pursuant to Nash's voluntary consent. Accordingly, we sustain the State's issue on appeal,
reverse the trial court's ruling on the motion to suppress and its dismissal of the case, and remand
the cause to the trial court.



 


 Jan P. Patterson, Justice

Before Justices Jones, Yeakel and Patterson

Reversed and Remanded 

Filed: July 27, 2000

Do Not Publish

1. The stop and search of Nash, his passenger and his vehicle were captured on videotape
which the State introduced at the suppression hearing and which we have reviewed on appeal.


ont-family: CG Times Regular">

 The State argues only that the search was valid based on Nash's consent to search. 
Our review then is limited to determining if the State's search of Nash's vehicle was a
permissible, consensual search. See State v. Aguirre, 5 S.W.3d. 911, 913-14 (Tex. App.--Houston
[14th Dist.] 1999, no pet.).

 Consent to search is one of the well-established exceptions to the constitutional
requirements of both a warrant and probable cause. Carmouche, 10 S.W.3d at 331 (citing
Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973)). Consent to search satisfies the Fourth
Amendment if the consent is voluntary. Carmouche, 10 S.W.3d at 331 (citing Ohio v. Robinette,
519 U.S. 33, 40 (1996)). The consent must not be coerced, by explicit or implicit means, by
implied threat or covert force. Carmouche, 10 S.W.3d at 331 (citing Schneckloth, 412 U.S. at
228)). The consent must be positive and unequivocal. Allridge v. State, 850 S.W.2d 471, 493
(Tex. Crim. App. 1991). Consent is not established by "showing no more than acquiescence to
a claim of lawful authority." Carmouche, 10 S.W.3d at 331 (citing Bumper v. North Carolina,
391 U.S. 543, 548-49 (1968)). The State must show by clear and convincing evidence that the
consent was freely given. Carmouche, 10 S.W.3d at 331. Whether consent is voluntary is a
question of fact to be determined from the totality of the circumstances. Schneckloth, 412 U.S.
at 227.

 According to Nash's testimony, he was uncertain whether he gave consent for the
search. Trooper Morgan testified that Nash consented to the search. The trial court impliedly
found that Nash did not give consent. The trial court is the sole judge of the testimony and
demeanor of the witnesses and determines the weight to be given their testimony. Villarreal v.
State, 935 S.W.2d 134,138 (Tex. Crim. App. 1996). However, with a videotape of the stop, the
evidence does not turn on an evaluation of credibility and demeanor. Carmouche, 10 S.W.3d at
332. The videotape shows that once Trooper Morgan stopped Nash, Nash stepped out of the car
and Morgan frisked him. Trooper Morgan then asked Nash if he could search the car. Nash
responded: "Yes, sir." The videotape presents indisputable visual evidence supporting Trooper
Morgan's testimony and contradicting Nash's equivocal testimony. We cannot "blind ourselves
to the videotape evidence" simply because Nash's testimony may, by itself, be read to support the
trial court's ruling. See Carmouche, 10 S.W.3d at 332.

 Trooper Morgan's request to search the vehicle came within the first few minutes
of the stop. The troopers showed no display of force and did not coerce Nash into complying
with the request. Nash r