Opinion issued January 20, 2005.













In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00593-CR




WILLIE SELLERS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 278th District Court
Grimes County, Texas
Trial Court Cause No. 14,859




MEMORANDUM OPINION

          After the trial court denied his motion to suppress, appellant, Willie Sellers,
plead guilty to the offense of possession of a controlled substance, and the trial court
sentenced him to 11 years’ confinement. In his sole issue, appellant contends that the
trial court erred in denying his motion to suppress. We affirm.
Background
          On November 4, 2001, Trooper Sarah Skrivanek of the Texas Department of
Public Safety observed appellant driving at a rate that exceeded the posted limit. 
After stopping appellant, Skrivanek noticed that he was unusually nervous for what
she would have considered a routine traffic stop. Appellant’s hands and voice were
shaking, and appellant would not make direct eye contact with her. Skrivanek asked
appellant to step out of the car because she was concerned for her safety and she
wanted to “take [appellant] out of his surroundings.” 
          Shrivanek explained to appellant that she stopped him for speeding and that she
would issue him citations for speeding and for having an outdated car inspection. She
also warned appellant about failing to provide proof of liability insurance. Skrivanek
asked appellant if he had been previously arrested and appellant replied “just tickets
and stuff.” Skrivanek then ran a routine check on appellant’s driver’s license. She
also ran appellant’s criminal history because he indicated that he had been previously
arrested.
          She discovered that appellant had been arrested several times for “dangerous
drugs” and one time for theft. When he heard the report over the radio, appellant’s
demeanor changed, and he became “extremely nervous.” Appellant appeared “ready
to get out of there, and didn’t seem to care what kind of tickets he was going to get.” 
Skrivanek asked appellant if she could search his car, and appellant voluntarily
consented. She patted down appellant for weapons and searched the passenger side
of the car. Next, she went to the driver’s side of the car where she found a piece of
plastic that looked like it was torn off of a grocery bag. Inside the plastic, she
discovered a white substance that appeared to be cocaine. Skrivanek handcuffed
appellant and placed him under arrest for the possession of a controlled substance.Motion to Suppress
          In his sole issue, appellant contends that the trial court erred in denying his
motion to suppress the cocaine because Shrivanek lacked probable cause or
reasonable suspicion for the initial stop.
          In reviewing the trial court’s ruling on the motion to suppress, we apply a
bifurcated standard of review. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000). We give almost total deference to the trial court’s determination of
historical facts that depend on credibility, while we conduct a de novo review of the
trial court’s application of the law to the facts. Id. 
          Where, as here, there are no findings of fact, we view the evidence in the light
most favorable to the trial court’s ruling and assume that the trial court made implicit
findings of fact that support its ruling as long as those findings are supported by the
record. See State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). If the trial
court’s decision is correct on any theory of law applicable to the case, the decision
will be upheld. Id. at 856. The fact finder is the sole judge of the witnesses’
credibility and may accept or reject any or all of the witnesses’ testimony. Taylor v.
State, 945 S.W.2d 295, 297 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d). 
          Appellant argues the following:
The record clearly established that appellant was driving a vehicle where
the posted speed limit was sixty-five miles per hour. Speed is generally
expressed as a rate of distance during a particular period of time. In the
United States most people use the English system of measurement. 
Many are using a metric system. When asked to testify about
Appellant’s speed it was stated to be eighty-one. Eighty-one is a
number, but does not describe a speed because it does not state a
distance during a particular period of time. Appellant might have been
traveling at eighty-one meters per hour and eighty-one miles per day. 
The failure to sufficiently describe the rate of speed and the failure to
describe any other driving behavior that would justify the stop renders
the stop illegal. The State responds that “it defies the bounds of credulity” for appellant to argue that
there was no evidence of an offense being committed by claiming the rate of speed
was never established. We agree. 
          A violation of a traffic law provides sufficient authority for an officer to stop
a vehicle. See Armitage v. State, 637 S.W.2d 936, 939 (Tex. Crim. App. 1982); see
also Ortega v. State, 861 S.W.2d 91, 95 (Tex. App.–Houston [1st Dist.] 1993, pet.
ref’d) (holding that the appellant’s stop and detention were reasonable because
appellant was driving without wearing his seat belt). Here, Trooper Skrivanek
testified that the posted speed limit was “sixty-five miles-an-hour,” and that appellant
was exceeding the posted speed limit. She testified that she “checked the speed of
[appellant’s car] at eighty-one in a sixty-five miles-an-hour at night.” Appellant did
not make any objections to clarify that “eighty-one” referred to miles per hour, rather
than “miles per day” or “meters per hour.” Shrivanek also testified that she used a
radar to “clock” appellant’s car and checked the internal calibrations of the radar to
establish that it worked properly.
          Accordingly, we hold that, the trial court did not abuse its discretion when it
implicitly found that Shrivanek had probable cause to initiate the traffic stop because
appellant exceeded the posted speed limit, which is a traffic violation. 
          We overrule appellant’s sole issue.Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             George C. Hanks, Jr.
                                                             Justice
Panel consists of Justices Nuchia, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).