NO. 07-04-0080-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 14, 2006

_____


CHARLES GIBBS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;

NO. 2003-484936; HON. DRUE FARMER, PRESIDING

_____

Before REAVIS and CAMPBELL, JJ., and BOYD, S.J.[1]

Appellant Charles Gibbs appeals his conviction of driving while intoxicated by contending that the trial court erred in failing to grant his motion to suppress. We affirm the judgment of the trial court.

We review the trial court's ruling on a motion to suppress under the standard announced in *Guzman v. State,* 955 S.W.2d 85 (Tex. Crim. App. 1997). Thus, we give almost total deference to the trial court's findings of historical fact and review *de novo* its

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 2005).

application of the law to the facts. *Id.* at 89.

Officer Nathan Anderson, the only witness at the suppression hearing, testified that he stopped appellant's vehicle because appellant was driving with a flat tire and the officer had observed appellant drive on the wrong side of the road on a residential street. Appellant argues that the stop was illegal because the videotape from the officer's vehicle does not show that he was driving on the wrong side of the road and that driving with a flat tire is not a violation of the Transportation Code.[2]

The officer stated that the video camera in his vehicle does not start until he activates his emergency lights, which he did not do until after he had observed appellant driving on the wrong side of the street. Thus, because there was no videotape to corroborate the officer's testimony, it was for the trial court to judge the credibility of the officer and determine the truthfulness of his observation of that particular traffic offense.[3] *See State v. Ross,* 32 S.W.3d 853, 855 (Tex. Crim. App. 2000) (holding that at a suppression hearing, the trial court is the sole trier of fact and the judge of the credibility of the witnesses and the weight to be given their testimony). A law enforcement officer may lawfully stop the driver of a vehicle who commits a traffic violation, *Garcia v. State,* 827 S.W.2d 937, 944 (Tex. Crim. App. 1992), and observation of a traffic offense in an officer's presence gives an officer sufficient authority for an initial stop. *Armitage v. State,*

---

[2] Section 547.004 of the Transportation Code makes it an offense to operate a vehicle that is unsafe so as to endanger a person, and section 548.604(a)(2) of the Transportation Code makes it an offense to operate a motor vehicle that is in a mechanical condition that endangers a person.

[3] Appellant does not contest that driving on the wrong side of the road constitutes a traffic offense.

637 S.W.2d 936, 939 (Tex. Crim. App. 1982). Therefore, if the trial court believed the officer's testimony, which it obviously did, this basis alone was sufficient to justify the stop and precludes our having to determine whether driving with a flat tire violates the Transportation Code.

Accordingly, the judgment of the trial court is affirmed.


John T. Boyd
Senior Justice

Do not publish.