NO. 07-04-0080-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 14, 2006



______________________________




CHARLES GIBBS, APPELLANT



v.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;



NO. 2003-484936; HON. DRUE FARMER, PRESIDING



_______________________________



Before REAVIS and CAMPBELL, JJ., and BOYD, S.J. (1)

 Appellant Charles Gibbs appeals his conviction of driving while intoxicated by
contending that the trial court erred in failing to grant his motion to suppress. We affirm
the judgment of the trial court.

 We review the trial court's ruling on a motion to suppress under the standard
announced in Guzman v. State, 955 S.W.2d 85 (Tex. Crim. App. 1997). Thus, we give
almost total deference to the trial court's findings of historical fact and review de novo its
application of the law to the facts. Id. at 89. 

 Officer Nathan Anderson, the only witness at the suppression hearing, testified that
he stopped appellant's vehicle because appellant was driving with a flat tire and the officer
had observed appellant drive on the wrong side of the road on a residential street. 
Appellant argues that the stop was illegal because the videotape from the officer's vehicle
does not show that he was driving on the wrong side of the road and that driving with a flat
tire is not a violation of the Transportation Code. (2) 

 The officer stated that the video camera in his vehicle does not start until he
activates his emergency lights, which he did not do until after he had observed appellant
driving on the wrong side of the street. Thus, because there was no videotape to
corroborate the officer's testimony, it was for the trial court to judge the credibility of the
officer and determine the truthfulness of his observation of that particular traffic offense. (3) 
See State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000) (holding that at a
suppression hearing, the trial court is the sole trier of fact and the judge of the credibility
of the witnesses and the weight to be given their testimony). A law enforcement officer
may lawfully stop the driver of a vehicle who commits a traffic violation, Garcia v. State,
827 S.W.2d 937, 944 (Tex. Crim. App. 1992), and observation of a traffic offense in an
officer's presence gives an officer sufficient authority for an initial stop. Armitage v. State,
637 S.W.2d 936, 939 (Tex. Crim. App. 1982). Therefore, if the trial court believed the
officer's testimony, which it obviously did, this basis alone was sufficient to justify the stop
and precludes our having to determine whether driving with a flat tire violates the
Transportation Code. 

 Accordingly, the judgment of the trial court is affirmed.


 John T. Boyd

 Senior Justice

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 2005). 
2. Section 547.004 of the Transportation Code makes it an offense to operate a
vehicle that is unsafe so as to endanger a person, and section 548.604(a)(2) of the
Transportation Code makes it an offense to operate a motor vehicle that is in a mechanical
condition that endangers a person. 
3. Appellant does not contest that driving on the wrong side of the road constitutes a
traffic offense.



riority="11" SemiHidden="false"
 UnhideWhenUsed="false" QFormat="true" Name="Subtitle"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00134-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JUNE
14, 2010

 



 

IN THE MATTER OF THE MARRIAGE OF DAVID MICHAEL LITTLE AND CHARLENE
MCDOWELL LITTLE



 



 

 FROM THE 85TH DISTRICT COURT OF BRAZOS
COUNTY;

 

NO. 07-002205-CVD-85; HONORABLE J. D. LANGLEY, JUDGE



 



 

Before QUINN, C.J., and
CAMPBELL and HANCOCK, JJ.

 

ABATEMENT AND REMAND

            Appellant
Charlene McDowell Little appeals from the final judgment of the trial
court.  The clerks record was filed on
April 5, 2010.  The reporters record was
due on April 8, 2010.  Neither the
reporters record nor an extension motion was filed.  By letter of April 28, we directed the court
reporter to advise the Court of the status of the reporters record on or
before Monday, May 10, 2010.  Despite
this letter and efforts by appellants counsel,[1]
we have received no response from the deputy reporter who took the record.  

            It
is the duty of the trial court to ensure that its reporters work is timely
accomplished by setting work priorities. 
Tex. R. App. P. 13.3. 
Accordingly, we abate this appeal and remand the cause to the 85th
District Court of Brazos County (the trial court) for further proceedings.  On remand, the trial court shall immediately
cause notice of a hearing to be given and thereafter conduct a hearing to
determine:

(1)  The reason for the lack of response from the reporter
who took the record; and, 

 

(2)  When the reporters record can reasonably be
transcribed into written form and filed in a manner that does not further delay
the prosecution of this appeal or have the practical effect of depriving
appellant of her right to appeal.

The
trial court shall cause the hearing to be transcribed.  Also, it shall:  (1) execute findings of fact and conclusions
of law addressing the foregoing issues; (2) cause to be developed a
supplemental clerks record containing its findings of fact and conclusions of
law and all orders it may issue as a result of its hearing in the matter; and
(3) cause to be developed a reporters record transcribing the evidence and
arguments presented at the aforementioned hearing.  Additionally, the trial court shall then file
the supplemental clerks and reporters records transcribing the hearing with
the clerk of this court on or before July 14, 2010.  

It is so
ordered.

Per Curiam

 

 

            








 











[1] The record was not taken by the trial courts official
reporter. 
Appellants counsel has informed us he
twice has attempted to contact, by telephone, the deputy reporter who took the record and has mailed her two requests
to prepare the record.  He advises us he has
received no response.