COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-362-CR

 

 

JULIO EDWARD THOMPSON                                                 APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Julio Edward Thompson appeals
his conviction for driving while intoxicated (DWI).  In a single point, appellant complains that
the trial court improperly denied his motion to suppress the evidence of DWI
that the police obtained as a result of an unlawful traffic stop made outside
the police officer=s
jurisdiction.  We affirm.

 








The facts of this case are
well known to the parties, and the law is well settled.

Arlington Police Officer Chad
Hickey observed appellant driving a car within the Arlington city limits at Aabout a hundred miles an hour@ in a sixty-mile-per-hour zone. 
Officer Hickey immediately began pursuing appellant for speeding.  By the time appellant stopped, he had left
Arlington and entered Fort Worth. 

While conversing with
appellant after the stop, Officer Hickey smelled alcohol on appellant=s breath.  The officer then
conducted a DWI investigation and arrested appellant for DWI.  Appellant moved to suppress the evidence of
DWI that Officer Hickey had obtained as a result of the stop, contending that
the stop and arrest were unlawful because they were made outside Officer Hickey=s jurisdiction. 








Under the hot pursuit
doctrine, a police officer may arrest a person outside the officer=s jurisdiction if the pursuit began within the officer=s geographical boundary and the pursuit was lawfully initiated on the
ground of suspicion.[2]  Here, Officer Hickey lawfully initiated his
pursuit of appellant in the officer=s jurisdiction of Arlington after observing appellant speeding in
Arlington.[3]  Therefore, Officer Hickey=s eventual stop of appellant in Fort Worth was lawful under the hot
pursuit doctrine,[4]
and the trial court properly denied appellant=s motion to suppress the evidence of DWI that Officer Hickey obtained
as a result of the stop.[5]  Accordingly, we overrule appellant=s point and affirm the trial court=s judgment.

 

PER CURIAM

PANEL A:   CAYCE,
C.J.; LIVINGSTON and MCCOY, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  April 13, 2006











[1]See Tex. R. App. P. 47.4.





[2]Yeager
v. State, 104 S.W.3d 103, 107 (Tex. Crim. App. 2003). 





[3]See Tex. Code Crim. Proc. Ann. art.
14.01(b) (Vernon 2005); Armitage v. State, 637 S.W.2d 936, 939 (Tex.
Crim. App. 1982).





[4]See
Yeager, 104 S.W.3d at 107; George v. State, No. 02-04-00275-CR, 2005
WL 3008437, at *3 (Tex. App.CFort Worth Nov. 10, 2005,
pet. ref=d).  Appellant=s reliance on State v.
Kurtz, 152 S.W.3d 72 (Tex. Crim. App. 2004), is misplaced because the
officer in that case was not within his jurisdiction when he observed the
traffic violation that resulted in the stop. 
Id. at 73, 77.





[5]See Estrada
v. State, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005) (setting out standard
of review).