**Opinion filed March 8, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00103-CR

_____

## MICHAEL KELLY WALKER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**

**Taylor County, Texas**

**Trial Court Cause No. 25965A**

## M E M O R A N D U M   O P I N I O N

Michael Kelly Walker appeals his conviction for possession of methamphetamine. Pursuant to a plea bargain agreement, Appellant pleaded nolo contendere to the offense, and the trial court sentenced Appellant to confinement for ten years in the Institutional Division of the Texas Department of Criminal Justice. In a single issue on appeal, Appellant contends that the trial court erred in denying his motion to suppress. We affirm.

*Background Facts*

On the evening of June 20, 2014, Officer Christopher Milliron of the Abilene Police Department was driving southbound behind a white SUV on Hickory Street. The SUV made a right turn onto North Ninth Street, then turned onto Orange Street, continuing to travel south. Officer Milliron turned right onto North Eighth Street and then turned south onto Beech Street, which runs parallel to Orange Street. Officer Milliron saw the SUV at the corner of Orange Street and North Third Street and observed the SUV run the stop sign at that intersection. Officer Milliron got behind the SUV. The SUV then made a right turn onto North Second Street, failing to signal for at least one hundred feet before turning. Officer Milliron initiated a traffic stop of the SUV.

The SUV contained two individuals. Officer Milliron identified Appellant as the driver and asked him to exit the vehicle. After giving Appellant warnings for the traffic violations, Officer Milliron asked Appellant for consent to search his person. Appellant gave his consent. Officer Milliron searched Appellant and found "a syringe or a needle." Officer Milliron then asked Appellant for consent to search the vehicle. Appellant again gave his consent. Officer Milliron searched the vehicle and found a small black bag containing methamphetamine inside the center console.

On cross-examination, Officer Milliron explained that he followed the SUV because it appeared that the vehicle was attempting to avoid police by turning off Hickory Street, a main road, and continuing to drive via Orange Street, a side road with a lot of stop signs. Officer Milliron believed that this was suspicious behavior and decided to follow the SUV and attempt to find probable cause to stop the vehicle.

Appellant filed a motion to suppress the methamphetamine. At the hearing on Appellant's motion to suppress, he argued that it was unreasonable for Officer Milliron to follow Appellant until he committed a traffic violation. The trial court denied Appellant's motion.

In his brief, Appellant contends that the appeal should be abated so that the trial court can make findings of fact and conclusions of law. The trial court subsequently entered written findings of fact and conclusions of law, and they have been filed in this appeal in a supplemental clerk's record. Accordingly, an abatement of this appeal is not required.

*Analysis*

In his sole issue, Appellant contends that the trial court erred in denying his motion to suppress. We review a trial court's ruling on a motion to suppress for an abuse of discretion. *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011). In reviewing a ruling on a motion to suppress, we apply a bifurcated standard of review. *Brodnex v. State*, 485 S.W.3d 432, 436 (Tex. Crim. App. 2016); *Martinez*, 348 S.W.3d at 922–23. We afford almost total deference to the trial court's determination of historical facts and of mixed questions of law and fact that turn on the weight or credibility of the evidence. *Brodnex*, 485 S.W.3d at 436; *Martinez*, 348 S.W.3d at 922–23. We review de novo the trial court's determination of pure questions of law and mixed questions of law and fact that do not depend on credibility determinations. *Brodnex*, 485 S.W.3d at 436; *Martinez*, 348 S.W.3d at 923.

When the trial court makes express findings of fact, as here, we first determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those findings. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). "We uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case." *State v. Iduarte*, 268 S.W.3d 544, 548 (Tex. Crim. App. 2008). Thus, if supported by the record, a trial court's ruling on a motion to suppress will not be overturned. *Mount v. State*, 217 S.W.3d 716, 724 (Tex. App.—Houston [14th Dist.] 2007, no pet.). In this case, the trial

court found that Officer Milliron had probable cause to stop Appellant based upon his observation of two traffic law violations.

"It is well settled that a traffic violation committed in an officer's presence authorizes an initial stop." *Armitage v. State*, 637 S.W.2d 936, 939 (Tex. Crim. App. 1982); *see Walter v. State*, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000) ("[T]he Supreme Court has recognized that the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." (citing *Whren v. United States*, 517 U.S. 806, 810 (1996))). A person commits a traffic offense if he approaches a stop sign and does not stop. TEX. TRANSP. CODE ANN. § 544.010(a) (West 2011). Further, a person commits a traffic offense if he fails to "signal continuously for not less than the last 100 feet of movement of the vehicle before the turn." *Id.* § 545.104(b). The evidence offered at the hearing on the motion to suppress supports the trial court's finding that Officer Milliron observed Appellant committing two traffic violations because Appellant failed to stop at a stop sign and failed to signal when making a turn. Therefore, Officer Milliron had probable cause to initiate a traffic stop of Appellant's vehicle.

Appellant appears to be asserting that the officer's subjective intent should factor into our analysis of the evidence. We disagree. "[A] police officer's subjective motive will never invalidate objectively justifiable behavior under the Fourth Amendment. Subjective intentions play no role in an ordinary, probable-cause Fourth Amendment analysis." *Walter*, 28 S.W.3d at 542 (citing *Whren*, 517 U.S. at 812–13). Appellant's sole issue is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

JUSTICE

March 8, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[1]

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.