

In The

## Court of Appeals
## Seventh District of Texas at Amarillo

No. 07-18-00337-CR

LUIS JULIAN LABRADO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 46th District Court
Wilbarger County, Texas
Trial Court No. 12,303, Honorable Dan Mike Bird, Presiding

January 22, 2020

## MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appellant, Luis Julian Labrado, appeals his conviction for unlawful possession of a firearm by a felon.[1]  We affirm the judgment of the trial court.

Background

Laura Nino, a police officer with the Vernon Police Department, observed appellant walking in the roadway in the direction of traffic with his back to oncoming cars, a violation

---

[1] TEX. PENAL CODE ANN. § 46.04(a) (West Supp. 2019).

of the Texas Transportation Code.[2]  Officer Nino initiated a traffic stop.  After introducing herself to appellant, she asked him for identification and informed him she was going to give him a warning.  As she was writing out the warning, appellant responded to her questions about his prior arrests.  Officer Nino then asked if she could search him, and he granted consent.  Before she performed the search, appellant told her that he had a gun in his pocket.  Officer Nino radioed for backup.  She felt the pistol in appellant's pocket, handcuffed him, and removed the pistol.  Another officer arrived soon thereafter, and appellant was placed in a patrol car and taken to jail.

Appellant was indicted for possession of a firearm by a felon.  He filed a motion to suppress challenging the admissibility of evidence, which he alleges was obtained in violation of his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, as well as Article I, Sections 9, 10, and 19 of the Texas Constitution.  At the hearing on the motion to suppress, the trial court heard testimony from the two officers involved and viewed the video showing the interaction between appellant and the officers.  The trial court then denied the motion.

Appellant entered a plea of not guilty.  Following a jury trial, he was convicted and sentenced to seven years' confinement in the Texas Department of Criminal Justice.  This appeal followed.

---

[2] *See* TEX. TRANSP. CODE ANN. § 552.006(b) (West 2011) (specifying that if sidewalk is not provided, pedestrian must walk on the left side of roadway or on the shoulder of roadway facing oncoming traffic).

Analysis

<u>Standard of Review</u>

Appellant raises two issues in this appeal, both of which are based on the trial court's denial of his motion to suppress evidence. We review a trial court's decision in denying a motion to suppress for an abuse of discretion using a bifurcated standard in which we give almost total deference to the trial court's determination of historical facts and review the court's application of search and seizure law de novo. *See Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002). When, as here, the trial court makes explicit findings of fact, we determine whether the evidence, viewed in the light most favorable to the trial court's ruling, supports the findings. *See State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).

<u>Issue No. 1: Voluntariness of Consent to Search</u>

In his first issue, appellant contends that the trial court abused its discretion in admitting evidence obtained during the search of his person. He argues that his consent to the search was not voluntarily given because he was in custody at the time consent was requested.

"[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357, 88 S. Ct. 507, 19 L. Ed. 2d 576 (1967). Voluntary consent to search is one such well-established exception to the constitutional requirement of a search warrant or probable cause. *Schneckloth v. Bustamonte,* 412 U.S. 218, 219, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973); *Carmouche v. State*, 10 S.W.3d 323, 331 (Tex. Crim. App. 2000).

3

The State must prove consent to search was freely given by clear and convincing evidence. *Carmouche*, 10 S.W.3d at 331. If the record supports a finding by clear and convincing evidence that consent was free and voluntary, we will not disturb that finding on appeal. *Id.* Trial courts are to look at the totality of the circumstances surrounding a statement of consent to determine whether that consent was given voluntarily. *See Lackey v. State*, 638 S.W.2d 439, 447 (Tex. Crim. App. 1982). Whether appellant was in custody is one of several factors courts consider in determining voluntariness. *See Flores v. State*, 172 S.W.3d 742, 749-50 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (courts consider whether the consenting person was in custody, whether he or she was arrested at gunpoint, whether he or she had the option of refusing consent, the constitutional advice given, the length of detention, the repetitiveness of questioning, the use of physical punishment, and the age, education, and intelligence of the person).

In this case, Officer Nino lawfully stopped appellant after witnessing appellant walking on the wrong side of the roadway. *See Armitage v. State*, 637 S.W.2d 936, 939 (Tex. Crim. App. 1982) ("It is well settled that a traffic violation committed in an officer's presence authorizes an initial stop."). Officer Nino was standing by her patrol car, writing a warning ticket, when she asked appellant about his criminal history. Appellant was a few feet away, sitting on the curb. After appellant told the officer that he had previously been arrested for possession of a controlled substance, she asked if he had anything illegal on him. Appellant said, "No." Officer Nino then asked, "Do you mind if I search you?" Appellant answered, "Sure, you can search me," and stood up. This request for consent was made just a few minutes into the traffic stop. Officer Nino had not yet issued the warning ticket to appellant. Appellant was not handcuffed or otherwise restrained.

4

Shortly after consenting to the search, appellant advised the officer that he had a gun in his pocket.

The trial court found that appellant "gave a voluntary, non-custodial statement" to Officer Nino. We conclude that the totality of the circumstances supports the trial court's finding that appellant was not in custody at the time he gave his consent to search. Therefore, we overrule appellant's first issue.

Issue No. 2: Lack of *Miranda* Warnings

In his second issue, appellant argues that the trial court abused its discretion in admitting his statement about the gun and the tangible evidence obtained during the search of his person because he was not Mirandized at any point during the encounter with the arresting officer.

Statements made by a suspect during a custodial interrogation cannot be used as evidence against him at trial unless certain warnings were given to the suspect before he made those statements. *Miranda v. Arizona*, 384 U.S. 436, 444-45, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). Custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom in any significant way. *Cannon v. State*, 691 S.W.2d 664, 671 (Tex. Crim. App. 1985) (en banc) (citing *Miranda*, 384 U.S. at 444). A person is in custody for these purposes "only if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest." *Dowthitt v. State*, 931 S.W.2d 244, 254 (Tex. Crim. App. 1996).

We have already concluded that appellant was not in custody at the time he gave his consent to search. For the reasons stated above, we agree with the trial court's

5

conclusion that appellant was not in custody when he made the statement about possessing a gun, which occurred just moments after he gave consent to be searched. Therefore, the trial court did not abuse its discretion in denying appellant's motion to suppress the statement.

Appellant's second issue also includes the argument that the trial court erred in failing to suppress "any tangible evidence seized in connection with the search," because his *Miranda* rights were violated. As set forth above, *Miranda* was not implicated because appellant's statement was not the result of custodial interrogation. Moreover, the remedy for a *Miranda* violation is the suppression of a person's statement, not the fruits of a statement. *See United States v. Patane*, 542 U.S. 630, 634, 124 S. Ct. 2620, 159 L. Ed. 2d 667 (2004) (plurality opinion); *Baker v. State*, 956 S.W.2d 19, 22 (Tex. Crim. App. 1997) (en banc). Accordingly, we overrule appellant's second issue.

## Conclusion

Having overruled both of appellant's issues, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.

6