NO. 12-04-00062-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

MARLOS STOKER,                                           §     APPEAL FROM THE 114TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,                                  §     SMITH COUNTY, TEXAS 
APPELLEE




MEMORANDUM OPINION
            Appellant Marlos Stoker was convicted of possession of a controlled substance and was
sentenced to eight years of imprisonment and assessed a $5,000.00 fine. In two issues, he contends
that the trial court erred by overruling his motion to suppress. We affirm.

Background
            On August 7, 2003, Appellant was indicted for possessing a controlled substance, namely
cocaine, “in an amount of one (1) gram or more but less than four (4) grams, including any
adulterants and dilutants.” On November 11, Appellant filed a “Motion to Suppress Physical
Evidence (Search Without a Warrant),” contending that the evidence seized on May 5 was obtained
as a result of a “warrantless stop and/or search” of Appellant “without probable cause and without
adequate reasonable suspicion” in violation of Appellant’s constitutional rights under the 1) Fourth
and Fourteenth Amendments to the United States Constitution, 2) Article I, Section 9 of the Texas
Constitution, and 3) Article 38.23 of the Texas Code of Criminal Procedure. Appellant further
argued that the evidence should be excluded because the search
 
was not the result of voluntary consent by the Defendant or of valid, voluntary consent by a person
with authority to give consent to search the person and/or automobile. Further, said detention and
search exceeded the scope of the consent, if any. The search also exceeded any scope reasonably
related to the object of the search. The detention was prolonged beyond any reasonable time that
could be justified. The detention and frisk were unreasonable; any request or command by law
enforcement for the suspect to remove items from his pocket was unreasonable . . . .
 
            Appellant waived his right to a trial by jury on January 20, 2004. On January 26, Appellant
pleaded “not guilty” to the offense charged and his case proceeded to trial without a jury. Ricardo
Fabbiani, a Trooper with the Texas Department of Public Safety, testified that on May 5, 2003, he
was working a routine patrol on Interstate 20. The portion of the interstate where Fabbiani was
working was a construction zone, and he had received multiple complaints of people traveling at
high rates of speed through the zone. 
            Fabbiani stated that although he “wasn’t able to get him on radar,” he noticed that Appellant
was “traveling at a high rate of speed.” According to Fabbiani, Appellant was “right up on another
car,” so he stopped Appellant for following too closely. The speed limit in the construction zone was
60 miles per hour, and Fabbiani thought that Appellant was driving his car over that limit. Fabbiani
also testified that “following too closely” was a violation of section 545.062 of the Texas
Transportation Code.


 In Fabbiani’s opinion, Appellant would not have been able to safely stop his
vehicle without colliding with the vehicle he was traveling behind if that vehicle had stopped or
slowed down. 
            After he stopped Appellant and approached his vehicle, Fabbiani noticed that Appellant was
“very nervous, very shaky” because his hands were trembling. When he asked Appellant about
where he was going, Appellant stated that he had been visiting his girlfriend and that she was going
to school; however, Appellant could not remember what kind of school she attended or the name of
the school. Appellant was also talking on his cell phone “the majority of the time,” and in Fabbiani’s
experience, people that deal with drugs “try to distance themselves by being on the phone so
[Fabbiani] won’t ask that many questions.” 
            Fabbiani asked Appellant to step out of his vehicle and walk to the back of the vehicle. He
informed Appellant why he was being stopped and that he would be receiving a warning for
“following too closely.” Fabbiani then received a “return” on Appellant’s driver’s license that
showed Appellant had previous drug charges on his record. Fabbiani then asked Appellant for his
consent to search the vehicle, and Appellant gave him the consent to search. 
            When Appellant gave Fabbiani the consent to search the vehicle, Fabbiani asked him if he
had any weapons or drugs on his person. Appellant stated that he did not, and Fabbiani started
“patting him around, walking around him, and checking his pockets.” Fabbiani testified that once
he receives consent to search a person’s vehicle, it is “normal course” to “pat down” a person “for
[his] safety to make sure the suspect doesn’t do anything to harm [him] possibly while [he is] in the
vehicle checking it out.” Fabbiani was also concerned for his safety because of Appellant’s
nervousness, previous criminal history, and his own belief that something illegal might be on
Appellant’s person or in his vehicle. 
            As Fabbiani conducted his “pat-down” search of Appellant, he felt something hard in his
front left pocket that felt like a box. Appellant told Fabbiani that the box contained his cigarettes,
but Fabbiani was concerned about the contents of the box because he had found a small knife inside
a cigarette box during a previous unrelated search. Appellant set the cigarette box on the hood of
Fabbiani’s car, and Fabbiani looked inside the cigarette box in order to make sure that it did not
contain a weapon. When he looked in the box, Fabbiani found five crack rocks and a small brown
vial that was later identified as PCP. 
            On cross-examination, Fabbiani stated twice that his basis for stopping Appellant was for the
traffic offense of “following too closely.” He further explained that section 545.062 gives an officer
the discretion to determine whether a vehicle is following too closely to another vehicle. In his
opinion, Appellant’s vehicle was following too closely to the vehicle in front of Appellant’s, because
if the vehicle in front of Appellant’s had to “lock up the brakes for whatever reason,” Appellant’s
vehicle would have rear-ended the other vehicle. 
            When asked if he could have merely squeezed the cigarette box to determine its contents
while in Appellant’s pocket, Fabbiani stated that such a maneuver was possible, but if a razor blade
was present, he would have sliced his finger. 
            At the conclusion of the trial, and before closing arguments, Appellant argued that his motion
to suppress the cocaine seized by Fabbiani should be granted because 1) the criteria for the reason
Appellant was stopped, “following too closely,” could not be articulated and was “not a sufficient
objective basis for the stop,” thereby rendering section 545.062 of the Texas Transportation Code
an unconstitutional basis for the stop and 2) Fabbiani’s search of Appellant’s cigarette pack was
unreasonable. The trial court subsequently overruled Appellant’s motion to suppress, and after
closing arguments, found Appellant guilty of the offense of possession of cocaine. 
            On February 3, the trial court held a hearing to determine Appellant’s punishment. After
hearing arguments from counsel, the trial court sentenced Appellant to eight years of imprisonment
and assessed a $5,000.00 fine. Appellant timely filed a notice of appeal.
            In two issues, Appellant contends that the trial court erred by overruling his motion to
suppress. The State argues that the trial court properly overruled the motion.

Did the Trial Court Err by Overruling the Motion to Suppress?
            In his first issue, Appellant argues that his motion to suppress should have been granted
because the initial stop was invalid due to the fact that 1) section 545.062 of the Texas
Transportation Code is not specific enough to define prohibited conduct, thus rendering it
unconstitutional under the United States Constitution, and 2) Fabbiani failed to articulate objective
facts showing how Appellant violated the statute. Appellant also argues that the seizure of the
cigarette pack was unreasonable. The State argues that Appellant did not properly preserve this
argument.


 Alternatively, the State contends that 1) section 545.062 provides proper notice of an
offense and 2) Appellant was also stopped for speeding.
Standard of Review
            A bifurcated standard of review is applied to a trial court's ruling on a motion to suppress
evidence. An appellate court gives almost total deference to a trial court's determination of historical
facts and reviews de novo a trial court's application of the law to those facts. See Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997). A trial court is the sole trier of fact, the judge of witness
credibility, and the determiner of the weight given to witness testimony. State v. Ross, 32 S.W.3d
853, 855 (Tex. Crim. App. 2000). When a trial court rules on a motion to suppress evidence, its
application of the law of search and seizure, namely, the determinations of reasonable suspicion and
probable cause, are reviewed de novo. Walter v. State, 28 S.W.3d 538, 540 (Tex. Crim. App. 2000);
Guzman, 955 S.W.2d at 87. 
            Although we review the issue of reasonable suspicion de novo, the ruling on a motion to
suppress lies within the sound discretion of the trial court. Villareal v. State, 935 S.W.2d 134, 138
(Tex. Crim. App. 1996). At the suppression hearing, the trial court observes the testimony and is
in a better position than the appellate court to judge the credibility of the witnesses. Id. Therefore,
we do not engage in our own factual review. Instead, we view the evidence and all reasonable
inferences therefrom in the light most favorable to the trial court’s ruling and sustain the ruling if it
is sufficiently supported by the evidence and is correct on any theory of law applicable to the case. 
Id. 
Constitutionality of Section 545.062 of the Texas Transportation Code
            Appellant argues that section 545.062 is not specific enough to provide notice of the conduct
it prohibits. A statute is void for vagueness if it does not give a person of ordinary intelligence fair
notice that his contemplated conduct is forbidden by the statute. Papachristou v. City of
Jacksonville, 405 U.S. 156, 163, 92 S. Ct. 839, 843, 31 L. Ed. 2d 110 (1972). A party challenging
a statute's constitutionality bears the burden of establishing its unconstitutionality. Baker v. Carr,
369 U.S. 186, 266, 82 S. Ct. 691, 737, 7 L. Ed. 2d 663 (1962); Ex parte Granviel, 561 S.W.2d 503,
511 (Tex. Crim. App. 1978). To successfully mount such a challenge requires a party to establish
that there is no set of circumstances under which the act would be valid. Briggs v. State, 789 S.W.2d
918, 923 (Tex. Crim. App. 1990). Section 545.062(a) of the Texas Transportation Code provides
as follows: 
 
An operator shall, if following another vehicle, maintain an assured clear distance between the two
vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the
operator can safely stop without colliding with the preceding vehicle or veering into another vehicle,
object, or person on the highway.
 
Tex. Transp. Code Ann. § 545.062(a) (Vernon 1999). 
            Although Appellant argues that there are no circumstances under which the statute would be
valid, his argument is without merit. Appellant has not established that a person of reasonable
intelligence is not given fair notice of the statute's requirements. Compliance with the statute
requires only one thing: to maintain an assured clear distance while following another vehicle in
order to safely stop and avoid a collision with the preceding vehicle. Thus, section 545.062 is not
unconstitutionally vague. See United States v. Inocencio, 40 F.3d 716, 728 (5th Cir. 1994) (holding
that section 61(a) of Article 6701(d) of the Texas Revised Civil Statutes, the predecessor to section
545.062, was not unconstitutionally vague); Ford v. State, 158 S.W.3d 488, 494 (Tex. Crim. App.
2005) (holding that a stop based on section 545.062 must be based on specific, articulable facts for
reasonable suspicion). Appellant’s first sub-issue is overruled.
Reasonable Suspicion for the Stop
            Appellant further argues that the traffic stop was unconstitutional because Fabbiani failed to
articulate objective facts showing how he violated section 545.062 by “following too closely.” It is
well settled that a traffic violation committed in an officer's presence authorizes an initial stop. 
Armitage v. State, 637 S.W.2d 936, 939 (Tex. Crim. App. 1982). A violation of section 545.062
constitutes a traffic violation. Ford, 158 S.W.3d at 493. 
            The court of criminal appeals recently addressed this issue in the Ford case, where Ford was
stopped by a Texas Department of Public Safety Trooper for following another car too closely in
violation of section 545.062. Id. at 490. When Ford lowered his window, the trooper noticed a
strong odor of marijuana. Ford later consented to a search of his vehicle, which yielded 55 grams
of marijuana and 400 grams of codeine. Id. at 491. Ford was subsequently indicted for felony
possession of codeine.
            Prior to trial, Ford filed a motion to suppress evidence, challenging the trooper’s reasonable
suspicion for the initial detention. The only evidence to support the trooper’s reasonable suspicion
that Ford had committed a traffic violation was his testimony that he had pulled Ford over for
“following too close.” No other testimony regarding Ford’s driving was offered. Id. The trial judge
denied Ford’s motion to suppress, and Ford pleaded guilty to a reduced second-degree felony
possession of a controlled substance charge. Ford subsequently appealed the trial court’s denial of
his motion to suppress. Id. 
            On appeal, the court of appeals overruled Ford’s issues regarding the motion to suppress and
found that the trial court did not err by denying the motion to suppress. The court stated that based
on the trooper’s training and experience, he was qualified to make a judgment on whether Ford had
violated section 545.062 by following another vehicle too closely. Id. at 491-92. Ford appealed this
decision to the court of criminal appeals.
            The court of criminal appeals first noted that an officer conducts a lawful temporary detention
when he has reasonable suspicion to believe that an individual is violating the law. Id. at 492. 
Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with
rational inferences from those facts, would lead him to reasonably conclude that a particular person
actually is, has been, or soon will be engaged in criminal activity. Id. (citing Garcia v. State, 43
S.W.3d 527, 530 (Tex. Crim. App. 2001)). 
            The court analyzed the trooper’s testimony and stated that the phrase “following too close,”
without more, was merely “a conclusory statement that Ford was violating a traffic law.” Id. at 493. 
Because the record failed to reveal any objective, specific, articulable facts, the court held that the
trial court erred in denying Ford’s motion to suppress. Id. at 493-94.
            In the instant case, Fabbiani stated that Appellant was “traveling at a high rate of speed” and
was “right up on another car,” so he stopped Appellant for following too closely. The speed limit
in the construction zone was 60 miles per hour, and Fabbiani thought that Appellant was driving his
car over that limit. Fabbiani further testified that in his opinion, Appellant would not have been able
to safely stop his vehicle without colliding with the vehicle he was traveling behind if that vehicle
had stopped or slowed down. The facts elicited during the hearing on the motion to suppress are
more than the mere “following too close” testimony in Ford. Because Fabbiani testified that he saw
Appellant’s vehicle “right up on another” vehicle while “traveling at a high rate of speed” such that
Appellant would not have been able to safely stop his vehicle, we hold that the trooper gave specific,
articulable facts to support the reasonable suspicion that Appellant had committed a traffic violation. 
Appellant’s second sub-issue is overruled.
Seizure of the Cigarette Pack
            In his second and final issue, Appellant contends that Fabbiani’s seizure of the cigarette pack
that contained the contraband was unreasonable. The State urges that Appellant’s argument is
meritless because the search was reasonable.
            It is undisputed that Fabbiani performed a pat-down search on Appellant. The purpose of
a pat-down search is officer safety. O'Hara v. State, 27 S.W.3d 548, 555 (Tex. Crim. App. 2000).
A pat-down search is substantially less intrusive than a standard search requiring probable cause. 
Id. at 550-51. Such searches will be justified only where the officer can point to specific and
articulable facts that reasonably lead him to conclude that the suspect might possess a weapon. See
Carmouche v. State, 10 S.W.3d 323, 329 (Tex. Crim. App. 2000). Fabbiani testified that once he
receives consent to search a person’s vehicle, it is “normal course” to “pat down” a person “for [his]
safety to make sure the suspect doesn’t do anything to harm [him] possibly while [he is] in the
vehicle checking it out.” Fabbiani was also concerned for his safety because of Appellant’s
nervousness, previous criminal history, and his own belief that something illegal might be on
Appellant’s person or in his vehicle. Fabbiani was concerned about the contents of the cigarette box
because he had found a small knife inside a cigarette box during a previous unrelated search. 
Appellant set the cigarette box on the hood of Fabbiani’s car, and Fabbiani looked inside the
cigarette box in order to make sure that it did not contain a weapon. 
            Given these facts, we hold that Fabbiani was justified in performing a pat-down search of
Appellant for weapons during the investigative detention. The same is true for the search of the
cigarette box. Once an officer conducting a pat-down search satisfies himself that a suspect has no
weapons, and the officer has no valid reason to further invade the suspect's personal security, then
the corollary must be true also that until the officer is satisfied the suspect has no weapons, he may
continue the search. See Worthey v. State, 805 S.W.2d 435, 438-39 (Tex. Crim. App. 1991). 
Fabbiani was justified in looking in the cigarette box in order to determine whether it contained a
knife or other weapon before he searched Appellant’s car. Appellant’s second issue is overruled.
Conclusion
            Appellant has not directed us to anything in the record to demonstrate that section 545.062
of the Texas Transportation Code is unconstitutional under either the United States or Texas
constitutions because it is “void for vagueness.” We also hold that Fabbiani was justified in 1)
detaining Appellant after observing him violate section 545.062 and 2) searching the cigarette pack
for any possible knives, blades, or other weapons.
            The judgment of the trial court is affirmed.
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice
Opinion delivered August 3, 2005.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.
 
 
(PUBLISH)