COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | |
| | | No. 08-10-00365-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | County Court at Law No. 7 |
| | § | |
| ANTHONY DURAN, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 20090C13525) |
| | § | |

## O P I N I O N

The State appeals, challenging the trial court's suppression of evidence resulting from a traffic stop.   Reversed and remanded.

## BACKGROUND

On December 13, 2009, at approximately 2:35 a.m., Officer Gabriel Candi, a nine-year veteran of the El Paso Police Department, and his partner, Officer Wells, were responding to a domestic call.   Officer Candi had not activated his emergency lights at that time.   He was aware that the speed limit for the road on which he was traveling was 45 miles per hour, but he was not aware of how exactly fast he was going.   As the officers were responding to the call, they encountered Appellee driving toward their patrol car in his vehicle.   The light was green for both directions as the two vehicles approached the intersection of Zaragoza and Saul Kleinfeld Streets in El Paso, Texas. Appellee made a left turn in front of Officer Candi's patrol car.   Officer Candi believed that Appellee had failed to yield the right-of-way to Officer Candi as the two vehicles entered the intersection because he had to decelerate by using his vehicle's brakes.   As a result,

Officer Candi made a right turn from the far left lane of the roadway on which he was traveling and began following Appellee. Officer Candi testified that he then observed Appellee's vehicle cross the double yellow line, although there was no oncoming traffic at the time. Officer Candi activated his emergency lights and conducted a traffic stop on Appellee's vehicle.

Officer Candi decided that he would conduct a traffic stop on Appellee's vehicle as a result of his subjective belief that Appellee had failed to yield the right-of-way when he made the left turn in front of Officer Candi, and his objective observation of Appellee crossing the double yellow line into oncoming traffic. Officer Candi was the State's only witness.

The defense called Mr. Roy Davis as a witness. Mr. Davis testified that he had retired from the El Paso Police Department after having served for more than twenty years and was now working as a private investigator. He also testified, without objection, that he had reviewed the video of the traffic stop and determined that Appellee had not failed to yield the right-of-way to Officer Candi. Mr. Davis stated that a person traveling above the speed limit is presumed to lose the right-of-way to other traffic. He noted that a police officer is permitted to exceed the speed limit as long as he can do so in a safe manner. Mr. Davis told the trial court that "[u]sing fixed objects, as viewed in the video, as well as the fixed object on the car" he was able to determine that Officer Candi was traveling at 60.5 miles per hour at the time that Appellee made his left turn. Mr. Davis further testified that, in his opinion, Officer Candi made the decision to stop Appellee's vehicle "when he made the turn behind the defendant" and that when Officer Candi made his right turn behind Appellee, he did not have "sufficient articulable facts on which to base a *Terry*[1] stop." Mr. Davis offered his opinion as to the reasons that Appellee crossed the

---

[1] *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

double yellow line, specifically that Appellee would have been concerned and "probably focused" on his mirror or looking over his shoulder because he realized that he had just made a left turn in front of a police vehicle and his attention was focused on what was going on behind him.

On cross-examination, Mr. Davis stated that driving to the left of a double yellow line was a violation of Texas law, and that Appellee's tires did cross the double yellow line.[2] Finally, Mr. Davis testified that an officer's observation of a vehicle crossing the double yellow line would constitute reasonable suspicion for the officer to conduct a traffic stop.

The trial court granted the motion to suppress evidence filed by Appellee. The State appeals and presents one issue for our review. The State contends that the trial court erred by granting the motion to suppress in light of the objective evidence establishing Appellee's commission of a traffic violation, regardless of the subjective motivation of the officer in making the stop.

## ANALYSIS

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard. *St. George v. State*, 237 S.W.3d 720, 725 (Tex.Crim.App. 2007); *Amador v. State*, 221 S.W.3d 666, 673 (Tex.Crim.App. 2007). We do not engage in our own factual review as the trial judge is the sole trier of fact and judge of credibility of the witnesses and the weight to be given to their testimony. *Amador v. State*, 275 S.W.3d 872, 878 (Tex.Crim.App. 2009); *Wiede v. State*, 214 S.W.3d 17, 24-5 (Tex.Crim.App. 2007). Rather, we give almost total deference to a trial court's determination of historical facts, particularly when the trial court's findings are based on an evaluation of credibility and demeanor. *St. George*, 237 S.W.3d at 725;

-3-

*Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). The same deference is afforded a trial court's rulings on application-of-law-to-fact questions. *Guzman*, 955 S.W.2d at 89. However, we review *de novo* the application of legal principles to a specific set of facts, including the trial court's determination of reasonable suspicion and probable cause. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex.Crim.App. 2008); *Guzman*, 955 S.W.2d at 87. The determination of whether reasonable suspicion exists is a mixed question of law and fact. *Guzman*, 955 S.W.2d at 87. Our review of such an issue defers to the trial court when resolution of the ultimate question turns on an evaluation of credibility and demeanor, but otherwise is conducted *de novo*. *Hereford v. State,* 339 S.W.3d 111, 118 (Tex.Crim.App. 2011) A reasonable suspicion sufficient to justify the detention of an individual exists when the investigating officer is aware of "specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person has engaged, or is (or soon will be) engaging in criminal activity." *Garcia v. State*, 43 S.W.3d 527, 530 (Tex.Crim.App. 2001). This standard disregards the subjective intent or motive of the officer, and limits the inquiry to the objective justification for the detention. *State v. Elias*, 339 S.W.3d 667, 674 (Tex.Crim.App. 2011). Whether or not an officer has reasonable suspicion to detain an individual for further investigation is determined from the facts and circumstances known to the officer at the time of the detention, s*ee Crain v. State*, 315 S.W.3d 43, 48-9 (Tex.Crim.App. 2010), and is based on the totality of the circumstances. *Ford v. State,* 158 S.W.3d 488, 492-93 (Tex.Crim.App. 2005). A traffic violation committed in an officer's presence authorizes an initial stop. *See Armitage v. State,* 637 S.W.2d 936, 939 (Tex.Crim.App. 1982).

---

[2] *See* TEX.TRANSP.CODE ANN. § 545.051 (West 2011

-4-

If the losing party to a motion to suppress evidence so requests, the trial court shall state its essential findings. *State v. Cullen,* 195 S.W.3d 696, 699 (Tex.Crim.App. 2006). "[E]ssential findings" are "findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts." *Id.* This requirement assures that our resolution of the suppression issue "is based on the reality of what happened" in the trial court. *Id.* at 698. When the trial court makes express findings of fact and conclusions of law, the reviewing court will defer to those findings, so long as they are supported by the record. *Guzman*, 955 S.W.2d at 89.

Here, the State requested that the trial court make findings of fact and conclusions of law. The trial court issued the following Findings of Fact and Conclusions of Law that it apparently deemed dispositive of the issues raised in the motion to suppress:

1. On December 18, 2009, at approximately 2:35 a.m., Officer Candia [sic] was dispatched to an assault family violence call.

2. Assault family violence calls range in severity and might well involve serious risk and danger.

3. Officer Candia [sic] obviously considered the call to be quite serious because, according to the uncontested testimony of the Defendant's expert witness and the videotape, he was driving about 15 mph over the speed limit and went through a red light.

4. The Defendant, traveling in the opposite direction, then made a left turn in front of Officer Candia [sic]. The Defendant had more than enough room to make the turn and committed no traffic violation in doing so.

5. Officer Candia [sic] had not activated his emergency lights when the Defendant made his lawful turn.

6. Officer Candia [sic] then chose to abandon the assault family violence call. He made a right turn from the far left lane in order to get behind the Defendant and pull him over.

-5-

7.      After the Defendant made his left turn, his tires briefly drifted over the center stripe.   There was no oncoming traffic and no danger associated with that event.

8.      The Court finds that Officer Candia [sic] most probably did not even see the center stripe violation because he did not mention it in his report.

9.      In any event, the center stripe violation played no part in Officer Candia's [sic] decision to stop the Defendant.

10.     The Court finds it to be totally beyond all credibility to assume that an officer, while speeding and running red lights to respond to an assault family violence call, would abandon that call, turn right from the far left lane and pull up behind a driver (who at that time committed no infractions) just to see if he might then commit one.

11.     The Court finds that Officer Candia [sic] made a clear and unconditional decision to stop the Defendant solely on the basis of what Officer Candia [sic] erroneously believed to be an unlawful left turn.   This is what Officer Candia [sic] wrote in his report (which made no mention of any center stripe violation) and is the only scenario which could conceivably justify abandoning an assault family violence call.

12.     Officer Candia [sic] was wrong in his opinion about the Defendant's turn.   The turn was not unlawful in any respect.   Indeed, the State admits that Defendant's turn was lawful (State's proposed Conclusions of Law #2).

In its Conclusions of Law, the trial court held that Officer Candi made the stop of Appellee solely on the basis of the left turn made by Appellee and that because Officer Candi was unable to articulate specific facts to justify the stop, the stop was unreasonable.   In effect, the trial court determined that Officer Candi did not have a reasonable suspicion to stop Appellee, a conclusion we review *de novo* unless the trial court's determination turned on the credibility and demeanor of the witnesses.   *See Hereford,* 339 S.W.3d at 118.

Fully two-thirds of the trial court's fact findings focus on Officer Candi's subjective justification for stopping Appellee rather than whether the objective facts would have justified an officer in Candi's shoes in stopping Appellee.   Those findings have no bearing on the objective

-6-

justification for the stop.   *See Elias*, 339 S.W.3d at 674.

Three of the trial court's findings of fact are relevant to the objective justification for Officer Candi's stop of Appellee.   They are Findings Seven through Nine.   We examine each in turn.

Finding of Fact Seven states "[a]fter the Defendant made his left turn, his tires briefly drifted over the center stripe.   There was no oncoming traffic and no danger associated with that event."   The first sentence of the finding clearly indicates that Appellee committed a traffic violation because the trial court found that "his [Appellee's] tires briefly drifted over the center stripe."   *See* TEX.TRANSP.CODE ANN. § 545.051 (West 2011)(an operator shall drive on the right half of the roadway).   The second sentence of the finding is not relevant to the determination of whether a traffic violation occurred inasmuch as nothing in Section 545.051 justifies driving to the left of the double yellow line on the basis of oncoming traffic or whether there was danger associated with driving to the left of the double yellow line.

Finding of Fact Eight states "[t]he Court finds that Officer Candia [sic] *most probably* did not even see the center stripe violation because he did not mention it in his report."   [Emphasis added].   In practical effect, the qualifier "most probably" renders this fact finding meaningless because Officer Candi testified that he observed Appellee's vehicle cross the double yellow line, and the only objective evidence, State's Exhibit 1, clearly shows Appellee's vehicle crossing the double yellow line.   An offense was obviously committed in Officer Candi's presence.   *See Armitage v. State,* 637 S.W.2d 936, 939 (Tex.Crim.App. 1982); *Krug v. State,* 86 S.W.3d 764, 765 (Tex.App.--El Paso 2002, pet. ref'd).   In addition, the trial court found that Officer Candi most probably did not see the violation because "he did not mention it in his report."   However,

the record does not support this finding because no such report is a part of the record.  *See Guzman,* 955 S.W.2d at 89 (reviewing court will give almost total deference to trial court's determination of historical facts which are supported by the record).   Absent support of a historical fact in the record, no deference is owed under this standard.

Finding of Fact Nine states "[i]n any event, the center stripe violation played no part in Officer Candia's [sic] decision to stop the Defendant."   To the extent that this finding is based on the trial court's evaluation of Officer Candi's credibility and demeanor, we are obligated to give the finding "almost total deference."   *See St. George*, 237 S.W.3d at 725; *Guzman*, 955 S.W.2d at 89.   We provide the same amount of deference to the trial court's ruling on the application of law to fact questions, also known as mixed questions of law and fact, if the resolution of those questions turn on an evaluation of credibility and demeanor.   *Guzman*, 955 S.W.2d at 89.   However, the standard of review is *de novo* for mixed questions of law and fact not falling in that category.   *Id.*   Because Officer Candi's testimony that he observed the violation is supported by the recording of the event, the trial court's finding does not turn on an evaluation of credibility and demeanor.   Rather, it turns on objective evidence, the recording.

We do not disregard the trial court's other findings, such as Finding of Fact Ten where the trial court found it to be "totally beyond all credibility to assume that an officer, while speeding and running red lights to respond to an assault family violence call, would abandon that call, turn right from the far left lane and pull up behind a driver (who at that time committed no infractions) just to see if he might then commit one."   However, findings such as this, similar to the other Findings of Fact made by the trial court, relate to the subjective intent of the officer in making the stop, which we have already determined not to be the appropriate standard.   The

question is not why did the officer stop Appellant.[3]   Rather, the question is whether there was an objective justification for the stop.

In our view, the trial court erred by applying a subjective standard in its ruling that Officer Candi's stop of Appellee was not supported by specific, articulable facts.   Because the proper standard disregards the subjective intent or motive of the officer, and limits the inquiry to the objective justification for the detention, the trial court's ruling was in error.   *See Elias*, 339 S.W.3d at 674.   The DVD recording provides an objective justification for the stop.   As a result, notwithstanding Officer Candi's subjective reasons for effectuating the stop, he had a reasonable suspicion to stop Appellee.[4]

## CONCLUSION

Having sustained the State's sole issue, the order granting Appellee's motion to suppress is reversed, and the case is remanded for further proceedings consistent with this opinion.


March 21, 2012
                                        CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)

---

[3] It matters not that Officer Candi abandoned the assault family violence call.   Nor does it matter when Officer Candi made the decision to stop Appellee or that Appellee's left turn was a legal turn.   It matters not that Officer Candi turned from the far left lane to follow Appellee.   The fact remains that a traffic violation, however slight, was committed in his presence, and provided an objective justification for the stop.   *See* TEX.TRANSP.CODE ANN. § 545.051; *Armitage,* 637 S.W.2d at 939; *Krug,* 86 S.W.3d at 765.

[4] In reaching this conclusion, the Court notes that it watched those portions of the DVD recording related to the justification for the stop.