ACCEPTED
12-15-00128-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
10/16/2015 11:38:56 PM
Pam Estes
CLERK

NUMBER 12-15-00128-CR

IN THE TWELFTH DISTRICT COURT OF APPEALS

TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
10/16/2015 11:38:56 PM
PAM ESTES
Clerk

ROBERT LAFAYETTE WALKER,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the County Court at Law Number 3 of Smith County, Texas

Trial Cause Number 003-82609-14

## STATE'S BRIEF

### ORAL ARGUMENT REQUESTED

**D. MATT BINGHAM**

Criminal District Attorney

Smith County, Texas

**AARON REDIKER**

Assistant District Attorney

State Bar of Texas Number 24046692

Smith County Courthouse, 4th Floor

Tyler, Texas 75702

Phone: (903) 590-1720

Fax: (903) 590-1719

Email: arediker@smith-county.com

## TABLE OF CONTENTS

Index of Authorities.................................................................................................. 2

Statement of Facts.................................................................................................... 3

Summary of Argument............................................................................................. 4

**I. ISSUES ONE THROUGH THREE:** When the arresting officer observed appellant cross the solid yellow center line of the two-lane, two-way roadway and drive on the wrong side of the road, he had reasonable suspicion to initiate a traffic stop; corroboration of the 911 caller's report of a drunk driver was unnecessary. .......... 5

Standard of Review ................................................................................................. 5

Argument.................................................................................................................. 6

Certificate of Compliance ..................................................................................... 14

Certificate of Service ............................................................................................ 14

## Texas Cases

*Armitage v. State*, 637 S.W.2d 936 (Tex. Crim. App. 1982) ................................. 7

*Bracken v. State*, 282 S.W.3d 94 (Tex. App.—Fort Worth 2009, pet. ref'd) ............... 8, 11

*Carmouche v. State*, 10 S.W.3d 323 (Tex. Crim. App. 2000) ................................ 8

*Garcia v. State*, 827 S.W.2d 937 (Tex. Crim. App. 1992) ................................... 7

*Griffin v. State*, 54 S.W.3d 820 (Tex. App.—Texarkana 2001, pet. ref'd) .................. 8, 12

*Gutierrez v. State*, 221 S.W.3d 680 (Tex. Crim. App. 2007) ................................ 6

*Guzman v. State*, 955 S.W.2d 85 (Tex. Crim. App. 1997) ................................... 5

*Jaganathan v. State*, No. PD-1189-14, 2015 Tex. Crim. App. LEXIS 920 (Tex. Crim. App. Sept. 16, 2015) ................................................................ 7, 11

*Madden v. State*, 242 S.W.3d 504 (Tex. Crim. App. 2007) ................................. 10

*Montanez v. State*, 195 S.W.3d 101 (Tex. Crim. App. 2006) ................................ 6

*Pierce v. State*, No. 12-14-00073-CR, 2015 Tex. App. LEXIS 4435 (Tex. App.—Tyler Apr. 30, 2015, pet. ref'd) .............................................................. 12

*State v. Elias*, 339 S.W.3d 667 (Tex. Crim. App. 2011) ................................... 7

*State v. Ross*, 32 S.W.3d 853 (Tex. Crim. App. 2000) (footnote omitted) ................. 6, 11

*Tucker v. State*, 369 S.W.3d 179 (Tex. Crim. App. 2012) .................................. 9

*Tyler v. State*, 161 S.W.3d 745 (Tex. App.—Fort Worth 2005, no pet.) .................... 12

*Valtierra v. State*, 310 S.W.3d 442 (Tex. Crim. App. 2010) .............................. 10

## Texas Statutes

Tex. Transp. Code Ann. § 545.051 .......................................................... 8

Tex. Transp. Code Ann. § 545.063 .......................................................... 8

IN THE TWELFTH DISTRICT COURT OF APPEALS

TYLER, TEXAS

ROBERT LAFAYETTE WALKER,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the County Court at Law Number 3 of Smith County, Texas

Trial Cause Number 003-82609-14

## STATE'S BRIEF

TO THE HONORABLE COURT OF APPEALS:

Comes now the State of Texas, by and through the undersigned Assistant

Criminal District Attorney, respectfully requesting that this Court overrule

appellant's alleged issues and affirm the judgment of the trial court in the above-

captioned cause.

STATEMENT OF FACTS

Dispatched to check on a possible drunk driver following a 911 call, Trooper

Richard Hoover spotted both appellant and the 911 caller close to Cumberland

Road in Tyler, Texas (II Rep.'s R. at 12). Trooper Hoover began following both vehicles, and soon observed appellant cross the solid yellow dividing line onto the wrong side of the road (*Id.* at 13-14). Based on appellant's traffic violation that he had just witnessed, Trooper Hoover initiated the stop and subsequently arrested him for the offense of driving while intoxicated (*Id.* at 15-16). Appellant filed a motion to suppress evidence from the traffic stop that the trial court denied following a hearing during which the State offered the testimony of Trooper Hoover and a copy of the patrol car video of the traffic stop (*Id.* at 29-34; State's Ex. 2).

SUMMARY OF ARGUMENT

Where, as here, the in-car video of the traffic stop did not clearly show the traffic violation, the trial court, as the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony in appellant's motion to suppress hearing, was free to believe the officer's testimony that he had observed appellant driving on the wrong side of the road. The real factual issue turned on the credibility of the witness: whether Trooper Hoover reasonably

4

believed appellant drove on the wrong side of the roadway, not whether the videotape shows appellant doing so.

**I.   ISSUES ONE THROUGH THREE:**  When the arresting officer observed appellant cross the solid yellow center line of the two-lane, two-way roadway and drive on the wrong side of the road, he had reasonable suspicion to initiate a traffic stop; corroboration of the 911 caller's report of a drunk driver was unnecessary.

STANDARD OF REVIEW

A bifurcated standard of review is applied to a trial court's ruling on a pretrial motion to suppress evidence:

> [A]s a general rule, the appellate courts, including this Court, should afford almost total deference to a trial court's determination of the historical facts that the record supports especially when the trial court's fact findings are based on an evaluation of credibility and demeanor.  The appellate courts, including this Court, should afford the same amount of deference to trial courts' rulings on "application of law to fact questions," also known as "mixed questions of law and fact," if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor.  The appellate courts may review de novo "mixed questions of law and fact" not falling within this category.  (citations omitted).

*Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  "In reviewing a trial court's ruling on a motion to suppress, we review the evidence in the light most favorable to the trial court's ruling."  *Gutierrez v. State*, 221 S.W.3d 680, 687 (Tex.

Crim. App. 2007). "[W]hen the trial court fails to file findings of fact, we view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record. If the trial judge's decision is correct on any theory of law applicable to the case, the decision will be sustained." *State v. Ross*, 32 S.W.3d 853, 855-856 (Tex. Crim. App. 2000) (footnote omitted). Lastly, "the deferential standard of review in *Guzman* applies to a trial court's determination of historical facts when that determination is based on a videotape recording admitted into evidence at a suppression hearing." *Montanez v. State*, 195 S.W.3d 101, 109 (Tex. Crim. App. 2006).

ARGUMENT

In her three alleged issues, appellant argues that the trial court erred in denying her pretrial motion to suppress because the arresting officer did not have reasonable suspicion to initiate the traffic stop for the following reasons: the patrol car video did not support the testimony of the officer, the anonymous caller's observations of appellant's driving were never "corroborated" by the

6

officer, and the anonymous caller failed to give a "detail description," respectively (Appellant's Br. 2-19). "An officer may make a warrantless traffic stop if the 'reasonable suspicion' standard is satisfied." *Jaganathan v. State*, No. PD-1189-14, 2015 Tex. Crim. App. LEXIS 920, at *5 (Tex. Crim. App. Sept. 16, 2015). "A police officer has reasonable suspicion to detain a person if he has specific, articulable facts that, combined with rational inferences from those facts, would lead him reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity." *State v. Elias*, 339 S.W.3d 667, 674 (Tex. Crim. App. 2011). "[A] traffic violation committed in an officer's presence authorizes an initial stop." *Armitage v. State*, 637 S.W.2d 936, 939 (Tex. Crim. App. 1982). "As long as an actual violation occurs, law enforcement officials are free to enforce the laws and detain a person for that violation, regardless of whatever the usual practices or standards of the local law enforcement agency are and regardless of the officer's subjective reasons for the detention." *Garcia v. State*, 827 S.W.2d 937, 944 (Tex. Crim. App. 1992).

Barring several exceptions inapplicable in appellant's case, a person violates the rules of the road by not driving on the right side of the roadway. Tex. Transp. Code Ann. §§ 545.051(a), 545.063 (West 2014). At the hearing on appellant's motion to suppress, Trooper Hoover testified that he observed appellant cross the solid yellow center line of the two-lane, two-way roadway and drive on the wrong side of the road (II Rep.'s R. at 13-14, 16, 22-23). "This observation alone was enough to create a reasonable suspicion that appellant had violated the law." *Bracken v. State*, 282 S.W.3d 94, 97-98 (Tex. App.—Fort Worth 2009, pet. ref'd). "Traveling across the yellow line into oncoming traffic is a traffic violation in itself and does not require the additional element of an unsafe maneuver by the driver as does Tex. Transp. Code Ann. § 545.060." *Griffin v. State*, 54 S.W.3d 820, 823 (Tex. App.—Texarkana 2001, pet. ref'd).

Nevertheless, appellant claims that the patrol car video of the traffic stop presented "indisputable visual evidence" contradicting Trooper Hoover's testimony (Appellant's Br. 11; State's Ex. 2). *See Carmouche v. State*, 10 S.W.3d 323, 332 (Tex. Crim. App. 2000) ("[T]he videotape presents indisputable visual evidence

8

contradicting essential portions of Williams' testimony.").  As Judge Alcala noted

in his concurring opinion in *Tucker v. State*, 369 S.W.3d 179, 187 n.1 (Tex. Crim. App.

2012) (Alcala, J., concurring):

> Rarely will videotape evidence actually be "indisputable."  Audio and video recordings can be conclusive as to what and how events transpired, but their evidentiary value often depends on other factors, even when that evidence captures events as they are transpiring.  The clarity of the video is often dependent on the lighting, angle or focus of the camera, or the camera's distance from the object recorded.

Here, the video does not show much of anything leading up to the traffic stop with

clarity, especially prior to Trooper Hoover passing the 911 caller's vehicle (State's

Ex. 2).  Hoover testified that the violation occurred prior to this point:

> A. It's in the video prior to me going around the vehicle.
>
> Q. We don't see it, do we?
> A. I can't help that the camera is posted over – is stationed over my passenger seat and it's zoomed way out.
> So I can't, while I'm driving down the road, make sure the camera captures everything while I'm trying to stop people that are crossing yellow lines.

(II Rep.'s R. at 23-24). During direct examination, Trooper Hoover explained:

> A.    Yeah. The camera is zoomed out so it can capture – on a traffic stop, it can see all around the car so the camera makes it look further – him look further away than what he really is.
>
> So when I'm parked two car lengths back from a car, you can actually see the car and see both sides of it. So he is not as far away as the camera portrays it to be.

(*Id.* at 13). Due to the angle of the dashboard camera, the video did not capture the violation that Hoover observed, but it does not contradict his testimony. *See Valtierra v. State*, 310 S.W.3d 442, 450 (Tex. Crim. App. 2010) ("But in the present case, the tape recording does not contradict Officer Moncada's testimony; it is simply inaudible and therefore does not affirmatively support his testimony."); *Madden v. State*, 242 S.W.3d 504, 516 (Tex. Crim. App. 2007) ("Only if the video clearly showed that appellant affirmatively did not do something that Trooper Lily said that he did do, and the video clearly would have shown that conduct if it had occurred, would there be some affirmative evidence of a disputed historical fact."). Moreover, the real factual issue is whether Trooper Hoover reasonably believed appellant drove on the wrong side of the roadway, not whether the videotape shows

appellant doing so. *Madden*, 242 S.W.3d at 516. *See also Jaganathan*, 2015 Tex. Crim. App. LEXIS 920, at *6 ("The question in this case is not whether appellant was guilty of the traffic offense but whether the trooper had a reasonable suspicion that she was."). The issue then turned on the credibility of Trooper Hoover, and as the Court of Criminal Appeals explained in *Ross*:

> In a motion to suppress hearing, the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. Accordingly, the judge may believe or disbelieve all or any part of a witness's testimony, even if that testimony is not controverted. This is so because it is the trial court that observes first hand the demeanor and appearance of a witness, as opposed to an appellate court which can only read an impersonal record.

*Ross*, 32 S.W.3d at 855 (footnotes omitted). The trial court was free to believe Trooper Hoover's testimony that he had observed appellant driving on the wrong side of the road, and viewing the evidence in the light most favorable to its ruling, it did not abuse its discretion in finding that Hoover reasonably believed appellant had committed a traffic violation, justifying the initial detention. *See Bracken*, 282 S.W.3d at 97-98 (holding officer's observation of appellant driving on the wrong side of the road provided reasonable suspicion justifying traffic stop even though

the video appeared to show his car only "drifting back and forth" in his lane); *Pierce v. State*, No. 12-14-00073-CR, 2015 Tex. App. LEXIS 4435, at *6-7 (Tex. App.—Tyler Apr. 30, 2015, pet. ref'd) (mem. op., not designated for publication) (trial court free to rely on testimony of the officer where video did not clearly show traffic violation). Therefore, the trial court did not err in denying appellant's motion to suppress, and appellant's first, second, and third issues should be overruled. *See Tyler v. State*, 161 S.W.3d 745, 750 (Tex. App.—Fort Worth 2005, no pet.) ("Because we have determined that Officer Young had probable cause to stop appellant based on his observance of two traffic violations, we need not address appellant's contention that the anonymous tip did not provide Officer Young with reasonable suspicion or probable cause to stop appellant."); *Griffin*, 54 S.W.3d at 822 ("If the officer made a valid traffic stop, the existence of another motive for the stop is irrelevant because the prohibition against pretextual stops has been abandoned in Texas.").

WHEREFORE, PREMISES CONSIDERED, the State of Texas prays that the Court overrule appellant's alleged issues and affirm the judgment of the County Court at Law Number 3 of Smith County, Texas, in the above-captioned cause.

Respectfully submitted,

D. MATT BINGHAM
Criminal District Attorney
Smith County, Texas


/s/  Aaron Rediker
Aaron Rediker
Assistant District Attorney
SBOT #:  24046692
100 North Broadway, 4th Floor
Tyler, Texas 75702
Office:  (903) 590-1720
Fax:  (903) 590-1719 (fax)
arediker@smith-county.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the undersigned attorney certifies that the word count for this document is 1,981 words as calculated by Microsoft Word 2013.

/s/ Aaron Rediker
Aaron Rediker

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on this 16th day of October 2015, the State's Brief in the above-numbered cause has been electronically filed, and a legible copy of the State's Brief has been sent by email to Beverly D. Melontree, attorney for appellant, at Bmelontree@icloud.com.

/s/ Aaron Rediker
Aaron Rediker